IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:19-cv-02996 – REB-GPG

ANDREW HUCK AND JAVIERA FRANCISCA VALENZUELA YURASZECK,
INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILDREN A. L. H. AND N. H.

    Plaintiff(s),

v.

THOMAS DAVID ANDERSEN,

    Defendant(s).

## JOINT MOTION TO RESTRICT

The Parties, pursuant to Fed. R. Civ. P. 5.2 and D.C. Colo. L. Civ. R. 7.2, move for an order directing the Clerk of Court to maintain Level 1 restricted access in the CM/ECF system to the documents filed with the Court demonstrating that the monies received in settlement of the claims of minor plaintiffs, A.L.H. and N.H., were deposited into a fixed annuity for their benefit Doc. 53.

### I.    BACKGROUND

This personal injury case involves claims made by two minor children, A.L.H. and N.H., and their parents against Thomas Andersen.  The Plaintiffs claim severe emotional distress and mental anguish as a result of a confrontation between Andersen and Andrew Huck, A.L.H. and N.H.  The parties settled the case in June, and on November 4, 2020, this Court approved the settlement as it pertained to the minor plaintiffs.  Doc. 50.

In the order approving settlement, the Court directed plaintiffs to file documents

demonstrating that the settlement monies received for minor plaintiffs A.L.H. and N.H. were deposited into a fixed annuity for the benefit of the minor plaintiffs. Doc. 50, Order Approving Settlement at 6. The order also instructed plaintiffs to file a motion to restrict the filing of the documents demonstrating the monies were deposited into a fixed annuity for the benefit of the minor plaintiffs, A.L.H. and N.H. *Id.* at 6–7.

On December 22, plaintiffs filed a notice (Doc. 52) attaching documents (Doc. 53) demonstrating that the settlement monies for A.L.H. and N.H. had been deposited into a fixed annuity for their benefit. The documents themselves were filed as Restricted – Level 1. Pursuant to the Court's order, the parties now file this joint motion to permanently restrict the documents demonstrating that the settlement monies for A.L.H. and N.H. have been deposited into a fixed annuity. The Court should grant this motion to restrict because it has already ordered that these annuity documents be filed as restricted documents, and because they contain confidential and personal information regarding minor children that should be withheld from the public.

## II.     LEGAL STANDARD

Rule 7.2 of the Local Rules of the United States District Court for the District of Colorado governs motions to restrict. *Stouffer v. Nat'l Geographic Partners, LLC*, No. 18-CV-03127-WJM-GPG, 2020 WL 5232562, at *2 (D. Colo. July 23, 2020). The party seeking restriction has the burden to justify relief. *Id.* In order to restrict public access to documents filed with the court, Local Rule 7.2(c) requires a party to move for restriction with a written motion that: (1) identifies "the document or the proceeding for which restriction is sought"; (2) addresses "the interest to be protected and why such interest outweighs the presumption of public access"; (3) identifies "a clearly defined and serious injury that would result if access is not restricted"; (4) explains "why

no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) identifies the "level of restriction sought." *Id.* (citing D.C. Colo. L. Civ. R. 7.2(c)(1)-(5). The fact that a motion is unopposed does not alone justify restriction because the right to access court records is owed to the public. D.C. Colo. L. Civ. R. 7.2(c).

### III.   ARGUMENT

**A.   Documents for which restriction is sought.**

The documents the parties seek to restrict (Doc. 53) are the documents showing that the settlement proceeds for A.L.H. and N.H. have been deposited into a fixed annuity for their benefit (hereinafter the "Annuity Documents"). The Annuity Documents contain the names and financial information of the two minor plaintiffs, as well as the confidential settlement information of the two minor plaintiffs.

**B.   Interests to be protected.**

This Court has already determined that the Annuity Documents (Doc. 53) should be filed and maintained as restricted documents and instructed plaintiffs to file the Annuity Documents as such. *See* Doc. 50, Order Approving Settlement at 6–7. The parties agreed to keep the financial terms of their settlement confidential, and the fact that two of the plaintiffs are minors outweighs the public's interest in access to these documents. "Courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal." *Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3 (E.D.N.C Oct. 7, 2014) (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (sealing exhibits because "[n]early every document in the volume at issue

includes the name of, and/or personal and private medical information relating to Mr. S.'s minor son").

The documents in question reveal the amount of money each child will receive. The public does not have a legitimate interest in knowing the financial affairs of children. *See Mears,* 2014 WL 5018907, at *2 ("The public…has no interest in accessing the minor Plaintiffs' confidential financial and medical information in this purely private dispute that has no relation to the public in general or other members of the public in particular."). Furthermore, the documents contain the names of the minor children which should be protected, *see id.* and this Court has already ruled that such information should be protected and filed under restriction. *See* Doc. 50, Order Approving Settlement at 6–7.

### C. Clearly defined and serious injury.

If the records are not restricted, then he minors' private financial and identifying information will become publicly available. If the documents become public, the minors' rights to privacy over the information in the documents is lost forever.

### D. Why no alternative to restriction is practicable.

No alternative to restriction is available because this Court has ordered for these specific documents to be filed under restriction. *See* Doc. 50, Order Approving Settlement at 6–7. The Court must see the amount of the monies that have been deposited into annuities for the children. If this information is redacted, then the Court will be unable to determine whether its orders regarding the minors' settlements have been followed.

### E. Level of restriction requested.

The restriction requested is Level 1.

## IV. <u>CONCLUSION</u>

WHEREFORE, the parties request that this Court enter an order directing the Clerk of the Court to maintain Level 1 restriction over Doc. 53.

DATED:  January 4, 2021                                    Respectfully submitted,

/s/  *Sean E. Breen*
_____
Sean E. Breen
HOWRY, BREEN & HERMAN, LLP
1900 Pearl Street
Austin, Texas 78705-5408
E-mail: sbreen@howrybreen.com
Phone: (512) 474-7300
Fax: (512) 474-8557

**ATTORNEYS FOR PLAINTIFFS**


   */s/ Billy-George Hertzke*
*(signed by Sean E. Breen with permission)*
_____
Billy-George Hertzke
SENTER, GOLDFARB & RICE, LLC
3900 E. Mexico Ave., Suite 700
Denver, Colorado 80210
E-mail: bhertzke@sgrllc.com
Phone: (303) 320-0509
Fax: (303) 320-0210

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Billy – George Hertzke -  bhertzke@sgrllc.com
*Attorney for Defendant*

*/s/*        Sean Breen
